Elena **CHITOIU**, Plaintiff–Appellant,

v.

**UNUM PROVIDENT CORPORATION, et. al.,** Defendants–Appellees.

No. 07–5132–cv.

United States Court of Appeals, Second Circuit.

Sept. 4, 2009.

Elena Chitoiu, New York, NY, pro se.

Louis P. DiGiaimo, Mee Sun Choi, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, NJ, for Appellees.

PRESENT: RALPH K. WINTER, ROSEMARY S. POOLER, Circuit Judges, ROSLYNN MAUSKOPF,* District Judge.

## SUMMARY ORDER

Appellant Elena Chitoiu, *pro se*, appeals the district court's grant of summary judgment in favor of the Appellees in Appellant's action to recover long term disability benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo,* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

Here, we find that the district court properly granted summary judgment. At the outset, the district court correctly determined that the appropriate standard of review was the arbitrary and capricious standard, based on the language in the plan. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1070 (2d Cir. 1995). Applying that standard, under which a denial of benefits will be reversed "only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law," *Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 442 (2d Cir.1995)(internal quotation omitted), the district court correctly found that there was substantial evidence to support Appellees' determination that Appellant had not met her burden of showing that she was unable to perform any occupation for which she was reasonably fitted. Specifically, the determination was supported by evidence, undisputed by Appellant, demonstrating that she had obtained work as a teacher, and that her physician and her psychiatrist had both released her to perform work in that field. Nor was there any support in the record for Appellant's argument that the "any occupation" definition of disability was not the applicable standard under the plan.

---

* The Honorable Roslynn Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

We have carefully considered Appellant's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.